IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Megan FitzSimmons, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>Michelle Cullen and Ryan Wagner, )<br>)<br>Defendants. ) | Case No.: _____<br><br>**COMPLAINT AND JURY DEMAND** |

**¶1.** **COMES NOW**, Plaintiff, Megan FitzSimmons, by and through her undersigned attorneys, and for her cause of action against the Defendants states and alleges as follows:

## I. PARTIES AND JURISDICTION

**¶2.** Plaintiff, Megan FitzSimmons, is a resident of Good Thunder, Minnesota.

**¶3.** Defendant Michelle Cullen ("Cullen") is believed to be a resident of Kindred, North Dakota.

**¶4.** Defendant Ryan Wagner ("Wagner") is believed to be a resident of Kindred, North Dakota.

**¶5.** Unless otherwise specified, the use of "Defendants" hereby incorporates all named Defendants in this action.

**¶6.** This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because Plaintiff and Defendants have diversity of citizenship and the amount in controversy is greater than $75,000.00. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## II. FACTUAL BACKGROUND

**¶7.** Plaintiff re-alleges, restates, and incorporates by reference all of the above allegations and further states and alleges as follows:

**¶8.** On March 20, 2018, Plaintiff was working in the course and scope of her employment as a

guest advisor at Petco in Fargo, North Dakota.

¶9.    Defendants brought their approximately 2 year old rottweiler dog to Petco where Plaintiff was working. Defendants were regular customers at this Petco and regularly brought their dog to "socialize" him.

¶10.   While Plaintiff was performing her regular duties at Petco, Defendants' dog attacked Plaintiff, biting onto her right hand/wrist area.

¶11.   Subsequent to the attack, Plaintiff was made aware that upon information and belief the dog had bitten the female owner, Cullen, prior to its attack on Plaintiff.

¶12.   As a result of Defendants' dog's continued propensity to bite people without provocation, the dog was given away/re-homed.

¶13.   It is upon further information and belief that the dog continued to be aggressive and was ultimately euthanized.

¶14.   As a result of being attacked by Defendants' dog, Plaintiff has suffered severe and numerous injuries to her right hand. Plaintiff continues to suffer from post traumatic stress disorder and other mental/emotional issues.

### III. COUNT I - NEGLIGENCE

¶15.   Plaintiff re-alleges, restates, and incorporates by reference all of the above allegations and further states and alleges as follows:

¶16.   Defendants owned the 2 year old rottweiler before and at the time of the attack.

¶17.   Defendants brought the dog to Petco to "socialize" the dog, knowing it had a propensity for biting people. The Rottweiler breed is a large dog known for being suspicious, or distrustful, around strangers.

¶18.  Defendants had a duty to ensure that all parties, including Plaintiff, were safeguarded from attacks by their dog. Defendants knew, or should have known, of the dangerous propensities of their dog. As a result, Defendants knew, or should have known, that their dog should not have been brought to a public place of business.

¶19.  Defendants owed a duty to properly restrain and/or confine the dog to ensure that all patrons/employees, including Plaintiff, were safeguarded from attacks by their dog. Defendants had knowledge, actual and/or constructive, of the dangerous propensities of the dog, and failed to prevent same, thereby causing the subject incident.

¶20.  As a direct and proximate result of the subject incident caused by the negligence of Defendants, Plaintiff, who was at all times exercising due care, suffered severe pain and permanent injuries to her right hand, which caused and continues to cause her great pain and anguish. Additionally, Plaintiff continues to suffer from post traumatic stress disorder and other mental/emotional issues.

¶21.  As a direct and proximate result of the incident caused by the negligence of Defendants, Plaintiff was forced to undergo 2 surgeries and other health-related medical expenses. Plaintiff was also required to take time off of work due to her injuries. As a result of the subject incident, Plaintiff has lost both income and quality of life.

## IV. COUNT II - STRICT LIABILITY

¶22.  Plaintiff re-alleges, restates, and incorporates by reference all of the above allegations and further states and alleges as follows:

¶23.  Defendants, having dominion and control of the Rottweiler dog responsible for the attack on Plaintiff, owed a duty to Plaintiff to keep Plaintiff safe from dangerous conditions by properly

restraining and/or confining the dangerous dog. Defendants exposed Plaintiff to a dangerous animal which Defendants knew, or should have known, had dangerous propensities. Defendants were aware and, with reasonable diligence should have been aware, of the dangerous characteristics, propensities, traits, tendencies, or proclivities possessed by the Rottweiler dog.

¶24.   Plaintiff's injuries were the result of the exercise or exhibition of such dangerous characteristics, propensities, traits, tendencies, or proclivities by Defendants' Rottweiler, of which Defendants were aware or, with reasonable diligence, should have been aware.

¶25.   As a direct and proximate result of the subject incident caused by the actions of Defendants, Plaintiff, who was at all times exercising due care, suffered severe pain and permanent injuries to her right arm and hand, which caused and continue to cause her great pain and mental anguish.

### V. EXEMPLARY DAMAGES WITH RESPECT TO COUNTS I AND II

¶26.   Plaintiff reasserts each and every matter or thing contained in the preceding paragraphs and incorporates them by reference.

¶27.   Defendants actions were malicious, oppressive, fraudulent, and reckless with respect to exposing Plaintiff to a dangerous animal which Defendants knew, or should have known, had dangerous propensities. Defendants were aware and, with reasonable diligence should have been aware, of the dangerous characteristics, propensities, traits, tendencies, or proclivities possessed by the Rottweiler dog.  As a result, exemplary damages against Defendants are appropriate.

### DEMAND FOR JURY TRIAL

¶28.   Plaintiff, herein demands a trial by jury of the maximum number of jurors permitted by law.

## VII. PRAYER FOR RELIEF

¶29. **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For economic damages in an amount no less than $75,000.00;
2. For compensation of Plaintiff's non-economic damages in amount no less than $75,000.00 representing Plaintiff's pain, suffering, mental anguish, and emotional distress;
3. For exemplary damages in an amount to be proven at trial;
4. For Plaintiff's costs, attorneys' fees, (if allowed by law or equity), and interest; and
5. For such other relief as the Court deems proper, just, and equitable.

Dated this 16th day of February, 2024.

LARSON LAW FIRM, P.C.

/s/ Mark V. Larson
**Shelby Larson (ID# 08524)**
**Mark V. Larson (ID #03587)**
ATTORNEYS FOR PLAINTIFF
1020 North Broadway
PO Box 2004
Minot, ND 58702
(701) 839-1777
larslaw@srt.com